# United States Court of Appeals
## For the First Circuit
_____

No. 26-1742

GORDON-DARBY HOLDINGS, INC.,

Plaintiff - Appellee,

v.

ROBERT L. QUINN, in the official capacity as Commissioner of the New Hampshire Department of Safety; ROBERT R. SCOTT, in the official capacity as Commissioner of the New Hampshire Department of Environmental Services,

Defendants - Appellants.
_____

## RESPONSE TO APPELLEE'S
## MOTION TO DISMISS APPEAL

Appellants, Robert L. Quinn, in his official capacity as Commissioner of the New Hampshire Department of Safety, and Robert R. Scott, in his official capacity as Commissioner of the New Hampshire Department of Environmental Services (collectively, the "Commissioners"), respond to Appellee's June 30, 2026 motion to dismiss the above appeal for lack of jurisdiction (Doc. No. 00118469183) pursuant to Fed. R. App. P. 27(a)(3)(A) as follows:

Currently pending before this Court is the motion of Appellee Gordon-Darby Holdings, Inc. ("Gordon-Darby") to either dismiss the above Appeal (Case No. 26-1742) or in the alternative to consolidate this appeal with the related-case

1

interlocutory appeal captioned as Gordon-Darby Holdings, Inc. v. Quinn et al., No. 26-1209.

The Commissioners assented to consolidation of both appeals on July 1, 2026. *See* Doc. 00118470184.

For the reasons set forth herein, Gordon-Darby's motion to dismiss this appeal should be denied, this matter should be consolidated with Case No. 26-1209, and Gordon-Darby should be directed to raise its arguments regarding Case No. 26-1742 in its answering brief which is due on July 17, 2026.

<u>Pertinent Procedural History of Case Nos. 26-1209 and 26-1742</u>

The Commissioners' interlocutory appeal in Case No. 26-1209 concerns the District Court's January 27, 2026 preliminary injunction order (ECF-35) and largely focuses on the fundamental error which the District Court made when it bypassed and left undecided the Commissioners' Rule 12(b)(1) challenge to its subject matter jurisdiction on standing grounds, proceeding instead to hear and grant Gordon-Darby's motion for a preliminary injunction. *See* Case No. 26-1209, Doc. No. 00118462675 (Commissioners' Amended Opening Brief) at 27-48. The preliminary injunction order pertinently found that Gordon-Darby showed a substantial likelihood of standing "[r]egardless of whether the complaint plausibly alleges standing." ECF-35 at 16.

By Order dated April 30, 2026, this Court stayed the preliminary injunction order pending the resolution of Case No. 26-1209.  Doc. No. 00118439619.

Gordon-Darby responded by filing a Fed. R. Civ. Pro. Rule 41(a)(1)(A)(i) Notice of Voluntary Dismissal Without Prejudice with the District Court On May 7, 2026.  Case No. 26-1209, App. 1523–25.

On May 13, 2026, the Commissioners requested supplemental briefing on whether Gordon-Darby's Fed. R. Civ. Pro. Rule 41(a)(1)(A)(i) Notice of Voluntary Dismissal Without Prejudice affected this Court's appellate jurisdiction.  Case No. 26-1209, Doc. 00118445927.

On May 19, 2026, Gordon-Darby moved this Court to dismiss Case No. 26-1209 as moot, arguing that its filing of a Rule 41 voluntary dismissal notice with the District Court divested this Court of appellate jurisdiction.  Case No. 26-1209, Doc. No. 00118449110 at 8.  That same day, Gordon-Darby opposed the Commissioners' motion for supplemental briefing and requested that the Court address its motion to dismiss and stay the briefing schedule.  Case No. 26-1209, Doc. 00118449113.

On May 28, 2026, the Commissioners opposed the motion to dismiss Case No. 26-1209 (Doc. 0011845262) and also replied to Gordon-Darby's response in opposition to the Commissioners' motion for supplemental briefing.  Case No. 26-1209, Doc. No. 00118449858.

3

On June 1, 2026, the District Court issued an Endorsed Order related to the May 7, 2026 Notice of Voluntary Dismissal which stated as follows: "Reviewed. The pending motion to dismiss (doc. No. 20) is denied as moot. The clerk is directed to enter judgment and close the case." Case No. 26-1209, App. 1526–27. That same day, the Clerk issued Judgment stating: "In accordance with the Stipulation[1] of Dismissal dated May 7, 2026, and the Order by Judge Landya B. McCafferty dated June 1, 2026, judgment is hereby entered." Case No. 26-1209, App. 1528.

On June 3, 2026, this Court directed the parties to address the question of mootness in their briefs for consideration by the merits panel (Case No. 26-1209, Doc. 00118456647 at 1) and set the deadline for Gordon-Darby's answering brief as July 16, 2026. Case No. 26-1209, Doc. 00118456654.

On June 16, 2026, the Commissioners filed an Amended Opening Brief which addressed Gordon-Darby's contention that its filing of a Rule 41 notice of voluntary dismissal rendered Case No. 26-1209 moot and divested this Court of subject matter jurisdiction over that appeal. Case No. 26-1209 Doc. 00118462675 at 66-82.

The Commissioners' Amended Opening Brief indicated that the Commissioners had appealed the District Court's June 1, 2026 orders denying their

---

[1] Insofar as Gordon-Darby did not file, and the Commissioners did not execute, a Stipulation of Dismissal, it is unclear why the District Court Clerk's order refers to such a stipulation. Gordon-Darby seemingly agrees that this was clearly incorrect. *See* Doc. 00118469183 at 8 (adding "[*sic*]" after "stipulation" when quoting the same order) (emphasis original)).

motion to dismiss as moot and entering judgment in accordance with a non-existent stipulation of dismissal, and that the Commissioners would likely seek consolidation of both appeals.  Case No. 26-1209, Doc. 00118463202 at 71.

By motion dated June 30, 2026, Gordon-Darby moved to dismiss this appeal (Case No. 26-1742) and once again asked this Court to extend its deadline to file an answering brief in Case No. 26-1209 for the Court to consider and decide its motion to dismiss this appeal.  Case No. 26-1742, Doc. 00118469183.

<u>Argument</u>

Gordon-Darby argues that this Court lacks appellate jurisdiction over the District Court's ruling on the Commissioners' motion to dismiss as moot and entry of judgment because the District Court itself lacked the authority to issue any further decisions below once Gordon-Darby filed its Rule 41(a)(1) Notice of Voluntary Dismissal.  Doc. 00118469183 at 10.  This argument, which is advanced without citation or support, is incorrect.

Questions of subject matter jurisdiction including both standing and the question of whether Gordon-Darby's Rule 41(a) Notice of Voluntary Dismissal mooted this appeal, are squarely before this Court on appeal in Case No. 26-1209.  Doc 00118456647 at 1.  But the District Court, having declined to hear the Commissioners' December 23, 2025 standing motion prior to issuing a significant

preliminary injunction against them, denied that motion as moot on June 1, 2026 and directed entry of judgment based upon the Rule 41(a) Voluntary Dismissal Notice.

This action by the District Court was purely gratuitous, since a properly filed Rule 41(a)(1)(A)(i) notice of voluntary dismissal "does not require the intervention of the court." *Universidad Central Del Caribe, Inc. v. Liaison Committee on Medical Education*, 760 F.2d 14, 16 (1st Cir. 1985).

The District Court, however, lacked any authority to deny the Commissioners' Rule 12(b)(1) motion as moot during the pendency of the interlocutory appeal. *See Donahue v. Fannie Mae*, 971 F.3d 1, 4 (1st Cir. 2020). The filing of the notice of interlocutory appeal, Case No. 26-1209, divested the District Court of authority "to proceed with respect to any matter touching upon, or involved in" that appeal. *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir. 1993); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This conflict-avoidance principle prevents confusion and promotes both judicial economy and comity. *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998) (citations omitted).

This Court is furthermore vested with jurisdiction for the purpose of correcting a district court's errors with respect to subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). *Steel Co.* highlights the gravity of this Court's "special obligation" as an appellate tribunal to assess its own jurisdiction and to also assess (and if necessary, correct) the jurisdictional

determination(s) below.  *McBreairty v. Miller*, 93 F.4th 513, 517 (1st Cir. 2024) (quoting *Steel Co.*, 523 U.S. at 95).

The District Court denied the "pending" motion to dismiss on standing and other grounds as moot despite the fact that the District Court's erroneous assumption of subject matter jurisdiction below is squarely before this Court pursuant to 28 U.S.C. 1292(a)(1) in Case No. 26-1209,[2] as is the question of what effect (if any) the Rule 41(a)(1) Notice of Voluntary Dismissal has on this Court's appellate jurisdiction.  Case No. 26-1209, Doc. 00118456647 at 1 and Doc. 00118456654.

The District Court's June 3, 2026 decision denying the motion to dismiss as moot and directing the entry of judgment are similarly before this Court pursuant to 28 U.S.C. 1292(a)(1) in this appeal, Case No. 26-1742.  Because the District Court's jurisdiction to issue an order on the standing motion and enter judgment have already been briefed in Case No. 26-1209, consolidation, not dismissal, is the appropriate relief to Gordon-Darby's motion.

Gordon-Darby's remaining arguments require even less response.  First, there is no requirement for a defendant to establish standing.  Standing questions whether

---

[2] The Commissioners' Amended Opening Brief also argues that the District Court expressly decided the merits in connection with its preliminary injunction absent clear advance notice to the parties as required by Fed. R. Civ. P. 65(d)(1)).  Case No. 26-1209 Doc. 00118463202 at 77-79 (citing *Sánchez v. Esso Std. Oil Co.*, 572 F.3d 1, 15 (1st Cir. 2009).  Gordon-Darby's Rule 41(a)(1) Voluntary Dismissal was consequently ineffective.  Case No. 26-1209 Doc. 00118463202 at 82.

a case or controversy existed "at the commencement of an action." *Ramirez v. Ramos*, 438 F.3d 92, 97 (1st Cir. 2006) (citations omitted). A <u>plaintiff</u> "first must allege that a case or controversy existed when they brought their complaint before the [Court] can be tasked with demonstrating that a case or controversy no longer exists." *Courtemanche v. Noble*, 177 F.4th 60, n. 2 (1st Cir. 2026).

So long "as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Town of Barnstable*, 786 F.3d at 142 (quoting *Knox v. SEIU, Local 1000*, 567 U.S. 298, 307 (2012)). Gordon-Darby announced its intent to this Court to bring the same lawsuit (albeit in a timely fashion) against the Commissioners again, this time including the Governor, the Executive Council, and the individual Executive Councilors. *See* Case No. 26-1209, Doc. 00118444196 at 2 and App. 1529–1573. The Commissioners thus clearly have a concrete interest in the correction of both the District Court's error with respect to subject matter jurisdiction and the reversal of what amounts to an impermissible final adjudication that they have violated the Clean Air Act. *See* footnote 3 hereto.

Gordon-Darby's final argument that the Commissioners "may argue that they are actually appealing" the Rule 41(a)(1)(A)(i) Notice of Voluntary Dismissal is an obvious straw man. The Commissioners make no such argument, nor would it make any sense. The Court in this case has jurisdiction over the decisions of the District Court, not the decisions of the parties. 28 U.S.C. §§ 1291-1292. To that end, this

8

appeal should proceed forthwith, consolidated with Case No. 26-1209, without further filings below or motion practice before this Court.

Respectfully submitted,

JOHN M. FORMELLA
ATTORNEY GENERAL

July 9, 2026

/s/ Mark L. Lucas
Mark L. Lucas, Bar #1222214
Joshua C. Harrison, Bar #1194556
Assistant Attorneys General
Environmental Protection Bureau
Office of the Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, New Hampshire 03301
(603) 271-3679
Mark.L.Lucas@doj.nh.gov
Joshua.C.Harrison@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the Court's ECF filing system on all counsel of record.

/s/ Joshua Harrison
Joshua Harrison, Bar #1194556

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that the foregoing motion meets the type-volume limitation and contains 1,748 words in compliance with Federal Rule of Appellate Procedure 27(d)(2)(A), based on the word count of the word-processing system used to prepare this motion.

/s/ Mark L. Lucas
Mark L. Lucas, Bar #1222214

9